USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-27-15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

LUIS PAULINO RODRIGUEZ,

        *Plaintiff*,

    -against-

WARDEN, METROPOLITAN
CORRECTIONAL FACILITY; DR.
BUSSANICH, CLINICAL DIRECTOR OF
METROPOLITAN CORRECTIONAL
CENTER,

        *Defendants*.

-----------------------------------------------------------X

13 Civ. 3643 (PAC) (SN)

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

    *Pro se* Plaintiff Luis Paulino Rodriguez ("Rodriguez") brings this action against the Warden of the Metropolitan Correctional Center ("MCC") and Dr. Bussanich ("Bussanich"), clinical director of the MCC, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] He alleges that, while a pretrial detainee at the MCC, he received inadequate medical attention following an injury he sustained. Bussanich now moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(c). On August 5, 2014, Magistrate Judge Sarah Netburn issued a Report and Recommendation ("R & R") that the Court deny Bussanich's motion. Dkt. 36. Bussanich filed objections to the R & R on September 16, 2014. Dkt. 48. For the following reasons, the Court adopts Magistrate Judge Netburn's R & R, but grants limited discovery on the issue of exhaustion of remedies.

---

[1] On August 1, 2013, the Court construed the complaint to allege a *Bivens* claim, dismissed claims against "Insurance of the MCC," "F.B.O.P," and "Medical Administration," and added "Warden , Metropolitan Correctional Facility" and "John or Jane Doe, head of Medical Care at Metropolitan Correctional Facility," as defendants. Dkt. 6.

1

## BACKGROUND[2]

### A. Factual and Procedural Background

On November 28, 2012, Rodriguez fell from the stairs at the MCC and sustained injuries to his head and back. R & R at 2. He experienced severe complications from these injuries. *Id.* at 2-3. He filed grievances concerning his medical treatment three times using the MCC's Inmate Request to Staff forms and once by email. *Id.* at 2-3. On January 9 and 10, 2013, a paralegal at the office of his attorney wrote to the MCC's legal and medical departments requesting medical assistance for Rodriguez. *Id.* at 3-4.

Rodriguez filed his complaint on May 21, 2013, seeking $2.5 million in compensatory damages and injunctive relief in the form of medical treatment for his conditions and repair of the broken steps on which he fell. On Rodriguez's form complaint, when asked to describe his efforts to exhaust administrative remedies, Rodriguez indicated that he "wrote a BP9 to the administration of MCC. Step two was to the office of the F.B.O.P., step three was to the federal civil court." Compl. ¶ IV.E.3. Rodriguez also stated that "my lawyer also wrote the legal department of MC[C]." *Id.* ¶ IV.F. Bussanich moved for judgment on the pleadings on April 8, 2014, arguing that Rodriguez has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, and failed to adequately plead personal involvement, and that Bussanich is shielded from suit by the doctrine of qualified immunity.

### B. Magistrate Judge Netburn's Report and Recommendation

In Magistrate Judge Netburn's R & R, she found that (1) failure to exhaust was not apparent from the face of the complaint; (2) Rodriguez had adequately pled that Bussanich was

---

[2] A detailed factual background of this dispute is set forth in the R & R. The Court recites only those facts relevant to Bussanich's objections to the R & R.

deliberately indifferent to his serious medical needs; and (3) Rodriguez had sufficiently alleged Bussanich's personal involvement. R & R at 7-21. In addition, Magistrate Judge Netburn found that a determination of qualified immunity was premature because "the facts supporting the defense do not 'appear on the face of the complaint.'" R & R at 22 (quoting *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004)). Magistrate Judge Netburn also declined to convert Bussanich's motion into a motion for summary judgment by considering documents outside of the pleadings submitted by Bussanich to show Rodriguez's failure to exhaust. R & R at 11-13.

With respect to the finding on failure to exhaust, Magistrate Judge Netburn examined Rodriguez's complaint and determined that Rodriguez "has not pled that he did not exhaust; and at this stage in the litigation, he does not need to demonstrate that he did." R & R at 10. Magistrate Judge Netburn rejected Bussanich's argument that Rodriguez's complaint made clear that he did not pursue relief beyond the initial stage of informal resolution for two of his grievances, and that he did not pursue relief beyond the second stage for the remaining grievances. *Id.* at 9-10. Magistrate Judge Netburn found that because "exhaustion is not an affirmative pleading requirement, . . . Rodriguez cannot be penalized for what he does not say in his pleading about his efforts to exhaust." *Id.* at 10.

Magistrate Judge Netburn also recommended prohibiting limited discovery on the issue of exhaustion because "such a measure would not serve any desirable judicial end." R & R at 12. The R & R found that bifurcating discovery in such a manner would unnecessarily complicate and delay proceedings and that full fact discovery would not be so extensive as to hinder timely resolution of the action. *Id.* at 13.

### C. Bussanich's Objections

Bussanich objects to Magistrate Judge Netburn's finding that Rodriguez's complaint did

3

not demonstrate failure to exhaust on its face. Objections at 2. Bussanich argues that the complaint clearly shows a failure to exhaust administrative remedies. *Id.* at 6-8. Bussanich describes Rodriguez's claims in his complaint regarding his efforts to exhaust, and argues that "[these allegations make clear that Plaintiff never completed the fourth step of the administrative process—an appeal to the office of General Counsel—and therefore failed to exhaust available administrative remedies." *Id.* at 7.

Bussanich argues that should the Court find that Rodriguez's failure to exhaust is not clear from the face of the complaint, the Court should permit limited discovery regarding exhaustion. *Id.* at 8. Bussanich asserts that discovery solely with respect to exhaustion would be limited and swift, while full discovery would be extensive, complicated, and protracted. *Id.*

## DISCUSSION

### I. Standard of Review

When considering a report and recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court must review *de novo* those findings to which an objection has been timely filed. *See Arista Records LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). "However, where a party does not submit a timely objection, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" *Martinson v. U.S. Parole Comm'n*, 2005 WL 1309054, at *3 (S.D.N.Y. June 1, 2005) (internal citations omitted). In light of Rodriguez's *pro se* status, the Court reads his filings liberally and construes them to raise the strongest arguments that they suggest. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## II. Plaintiff's Failure to Exhaust

### A. The Prison Litigation Reform Act

The PLRA holds that "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) (discussing the application of the exhaustion requirement to *Bivens* claims). A prisoner need only comply with prison grievance procedures to properly exhaust, *Jones v. Bock*, 549 U.S. 199, 218 (2007), and must complete "all steps that the agency holds out," *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Because the MCC is a BOP-operated facility, the grievance procedure applicable to Rodriguez's claim is the "Administrative Remedy Program," which requires that the inmate (1) seek informal resolution of his grievance through an internal procedure; (2) file an Administrative Remedy Request using the BP-9 form addressed to the Warden within twenty days of the incident; (3) file a Regional Appeal of any unfavorable response on a BP-10 form to the Regional Director within twenty days of the Warden's response; and (4) further appeal any decision to the General Counsel in Washington D.C. within thirty days of a response. *See* R & R at 8-9; 28 C.F.R. § 542.13(a), § 542.14(a), § 542.15(a).

Failure to exhaust constitutes an affirmative defense and need not be pled or demonstrated in a complaint. *Jones*, 549 U.S. at 216. The Court may only grant a motion to dismiss based on failure to exhaust if non-exhaustion is clear from the face of the complaint. *See Lewis v. City of N.Y.*, 2013 WL 3833001, at *3 (S.D.N.Y. July 23, 2013).

5

### B. Plaintiff's Exhaustion

Magistrate Judge Netburn found that Rodriguez's failure to exhaust was not demonstrated on the face of the complaint. The R & R concluded that "Rodriguez cannot be penalized for what he does not say in his pleading about his efforts to exhaust" and that, particularly in light of Rodriguez's *pro se* status, "statements of the efforts he took [to exhaust] cannot be construed to mean that he did not pursue the proper avenues for exhaustion." R & R at 10. Bussanich objects, arguing that Rodriguez's complaint acknowledges the existence of the grievance process and his failure to comply therewith. Objections at 7.

Upon *de novo* review of the complaint, and considering Rodriguez's *pro se* status, the Court finds that the failure to exhaust administrative remedies is not clear from the face of the complaint. Rodriguez's statements regarding his exhaustion attempts are ambiguous and somewhat opaque. Moreover, there is no indication that they represent the entirety of his efforts. While Rodriguez's complaint may suggest a failure to exhaust, such failure is not directly evident from the face of the complaint. *See Parris v. N.Y. State Dep't Corr. Servs.*, 947 F. Supp. 2d 354, 361-62 ("[A]mbiguity is not a valid basis for dismissal under *Jones*, which does not require that the plaintiff demonstrate exhaustion in the complaint."); *Smalls v. Jummonte*, 2010 WL 3291587, at *3 (S.D.N.Y. Aug. 13, 2010).

### C. Limited Discovery Regarding Exhaustion

Bussanich argues that discovery "solely on the issue of exhaustion would be very limited and could be complete[d] quickly," as could "any further motion practice on that issue." Objections at 8. The Court agrees that discovery limited to the issue of Rodriguez's exhaustion would be expedient, and would not unnecessarily delay or complicate the action.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Netburn's August 5, 2014 R & R. Accordingly, Bussanich's motion for judgment on the pleadings is denied. The parties should engage in expedited, limited discovery on the issue of Rodriguez's exhaustion efforts. The order of reference to Magistrate Judge Netburn continues for further disposition of this matter.

Dated: New York, New York
February 27, 2015

SO ORDERED

*/signature/*

PAUL A. CROTTY
United States District Judge

Copies mailed by Chambers to:

Luis Paulino Rodriguez
ID# A075-923-656
ICE Processing Center
8915 Montana Avenue
El Paso, TX 79925