UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

LUIS PAULINO RODRIGUEZ,

                                        Plaintiff,

                        -against-

F.B.O.P., et al.,

                                        Defendants.

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___ 10/7/2015

13-CV-03643 (PAC)(SN)

REPORT AND
RECOMMENDATION

SARAH NETBURN, United States Magistrate Judge:

TO THE HONORABLE PAUL A. CROTTY:

   *Pro se* Plaintiff Luis Paulino Rodriguez was removed from the United States on July 7, 2015, and the Court no longer has a valid address for him. By an Order dated August 3, 2015, the Court directed Rodriguez to contact the Court within 60 days to confirm his intention to prosecute this action.

   Because Rodriguez has not contacted the Court to confirm his intention to prosecute this action or to provide a valid address, the Court recommends that his claims be dismissed without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

   In May 2013, Luis Paulino Rodriguez, *pro se*, sued the warden of the Metropolitan Correctional Center and its clinical director under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging unconstitutional medical indifference. In February 2015, the Court denied defendants' Motion for Judgment on the Pleadings. ECF No. 58 (Order Adopting Report and Recommendation). The Court authorized limited discovery on the issue of exhaustion, to be completed by June 30, 2015. ECF No. 63. On July 31, 2015, the

Government wrote to inform the Court that Rodriguez had been removed from the United States and had not responded to Defendants' discovery requests. ECF No. 71. By an Order dated August 3, 2015, the Court gave Rodriguez 60 days to contact the Court with his intentions regarding the case and his present address. ECF No. 72. The Order warned that Rodriguez faced the dismissal of his case for failure to prosecute. Id. Rodriguez has not responded.

### DISCUSSION

A plaintiff has a general obligation to prosecute his case diligently. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). A Court may dismiss the action, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute if the plaintiff fails to meet this obligation. In fact, "[a] plaintiff[']s lack of diligence alone is enough for dismissal." West v. City of New York, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citation omitted). "The fact that plaintiff is incarcerated does not absolve him of the responsibility to prosecute his lawsuit in a diligent manner." Id. A *pro se* plaintiff, however, "should be granted special leniency regarding procedural matters." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).

Although Rule 41(b) provides that "a defendant may move to dismiss the action or any claim against it" when a plaintiff fails to prosecute the case or to comply with a court order, the Court need not wait for a defendant to file such a motion. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). Moreover, the Court is not required to provide notice of the dismissal. "[S]uch dismissal is largely a matter of the judge's discretion." See West, 130 F.R.D. at 524. Indeed, because district courts are "necessarily vested" with the control required "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," the Court

may even dismiss an action *with* prejudice when a plaintiff fails to prosecute his case. Link, 370 U.S. at 629-31.

 In deciding whether to dismiss an action for failure to prosecute, the Court must consider five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). Of these factors, no particular one is generally dispositive. Id. (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

 While a district court is not required to address each of these factors in its written decision by a list of "'robotic incantations,'" id. at 217 (quoting United States v. Crosby, 397 F.3d 103, 113 (2d Cir. 2005)), the Court at a minimum must provide a reason for the dismissal. See Grace v. New York, 10 Civ. 3853 (LTS)(GWG), 2010 WL 3489574, at *2 (Sept. 7, 2010), report and recommendation adopted, 2010 WL 4026060 (S.D.N.Y. Oct. 14, 2010).[1]

 In its August 3, 2015 Order, the Court provided Rodriguez with notice that this Court would recommend that his claims be dismissed for failure to prosecute if he did not contact the Court. Because Rodriguez has been removed from the United States, and he may be legally prevented from returning to this country to pursue his lawsuit, the Court recommends dismissing

---

[1] Though such an analysis may not be necessary for dismissal that is without prejudice, see Thrall v. Cent. N.Y. Reg'l Transp. Auth., 399 F.App'x 663, 666 (2d Cir. 2010) (noting that dismissal without prejudice under Rule 41(b) is a "lesser sanction" than dismissal with prejudice), this Court will nonetheless analyze the Baptiste factors to ensure that the *pro se* plaintiffs be afforded every chance to succeed on the merits.

his claims. See, e.g., Roach v. Vincent Sobal #10986 C.O., 92 Civ. 7355 (TPG), 1999 WL

10812, at *1. But because Rodriguez is *pro se*, I recommend that his claims be dismissed without

prejudice so that he can resume them in the event of a lawful return to the United States within

the statutory limitation period. See Grace, 2010 WL 3489574, at *2.

      This report and recommendation provides plaintiff further notice and another opportunity

to be heard before the District Judge.

## CONCLUSION

      For these reasons, I recommend that all claims asserted by Rodriguez be DISMISSED

WITHOUT PREJUDICE, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:  New York, New York
           October 7, 2015

         *             *             *

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

      The parties shall have fourteen days from the service of this Report and Recommendation

to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules

of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service

is made under Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F)). A party may respond to another

party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2).

Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the

chambers of the Honorable Paul A. Crotty, at the Daniel Patrick Moynihan U.S. Courthouse, 500

Pearl Street, New York, New York 10007, and to any opposing parties. <u>See</u> 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing

objections must be addressed to Judge Crotty. The failure to file these timely objections will

result in a waiver of those objections for purposes of appeal. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 6(a), 6(d), 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).